**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4773**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

GLORIA PATRICIA TAYLOR,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:15-cr-00265-TDC-1)

Submitted: May 2, 2017                     Decided: May 23, 2017

Before GREGORY, Chief Judge, and KING and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jason G. Downs, Rima A. Kikani, MURPHY, FALCON & MURPHY, P.A., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Kelly O. Hayes, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gloria Patricia Taylor was convicted by a jury of two counts of using a communications device to facilitate narcotics trafficking, in violation of 21 U.S.C. § 843(b) (2012), and possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(b)(1) (2012), and sentenced to 144 months' imprisonment. Taylor timely appealed, and we affirm.

Taylor argues that, after law enforcement officers executed a search warrant on her residence and vehicles and recovered 286 pounds of marijuana, the officers coerced her into providing a written statement by threatening to arrest her son if she did not cooperate. The district court denied Taylor's motion to suppress the statement. In assessing the propriety of the district court's decision, we "review factual findings for clear error and the legal determination that the statement was voluntary de novo." *United States v. Holmes*, 670 F.3d 586, 591 (4th Cir. 2012). "To determine whether a statement or confession was obtained involuntarily, in violation of the Fifth Amendment, the proper inquiry is whether the defendant's will has been overborne or h[er] capacity for self-determination critically impaired." *United States v. Umana*, 750 F.3d 320, 344 (4th Cir. 2014) (internal brackets and quotation marks omitted). Even where law enforcement uses coercive tactics, such as "threats, violence, implied promises, [or] improper influence," a defendant's statement "is not necessarily rendered involuntary." *Holmes*, 670 F.3d at 591 (internal quotation marks omitted). Rather, the inquiry requires a consideration of "the totality of the circumstances, including the characteristics of the defendant, the setting of the interview, and the details of the interrogation." *Umana*, 750 F.3d at 344 (internal quotation marks omitted).

2

The hearing testimony established that officers apprehended Taylor and her son as they were unloading a crate containing 286 pounds of marijuana from the back of a U-Haul van that was parked at Taylor's residence. After the search warrant was executed, an officer informed Taylor that she and her son could be arrested.* Taylor then wrote a statement in which she took full responsibility for everything that was found. Law enforcement thereafter arrested Taylor but not her son.

"[A] law enforcement officer may properly tell the truth to the accused. Indeed, truthful statements about the defendant's predicament are not the type of coercion that threatens to render a statement involuntary." *United States v. Braxton*, 112 F.3d 777, 782 (4th Cir. 1997) (brackets, citation, and internal quotation marks omitted). Here, the district court correctly determined that, "based on the totality of the relevant circumstances," *United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011), probable cause existed that would have authorized officers to arrest Taylor's son. Thus, an officer's truthful statement that Taylor's son could be arrested was not an unduly coercive threat that rendered Taylor's statement involuntary. Accordingly, the district court properly denied Taylor's suppression motion.

We reject Taylor's claim that her Sixth Amendment right to an impartial jury was violated when a summary chart that had been displayed to the jury but not admitted into evidence was inadvertently shown to the jury during deliberations. Although prejudice is

---

* Prior surveillance conducted by law enforcement suggested that Taylor's son previously assisted Taylor during a drug transfer.

3

presumed when evidence improperly comes before the jury, *United States v. Lentz*, 383 F.3d 191, 219 (4th Cir. 2004), the Government maintained that there was no prejudice because the jury had seen the chart in open court, and Taylor's counsel admitted that he could not identify any harm resulting from this oversight. In an abundance of caution, the district court instructed the jurors to erase or cross out any notes that they may have taken on the chart during deliberations, and reminded the jury that the chart was not part of the evidence. We conclude that this was an appropriate exercise of discretion. *Id.*

Taylor next challenges the district court's calculation of her Sentencing Guidelines range. In assessing Guidelines calculations, we review factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error. *United States v. Strieper*, 666 F.3d 288, 292 (4th Cir. 2012).

Although Taylor was convicted of possessing 100 or more but less than 1000 kilograms of marijuana, the district court calculated Taylor's base offense level based on a drug weight of at least 3000 but less than 10,000 kilograms of marijuana. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (2015). Taylor claims that, because the jury did not find that she possessed at least 3000 kilograms of marijuana, the district court's calculation was erroneous and in violation of the rules established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). However, "beyond establishing the maximum sentence, the jury's drug-quantity determination place[s] no constraint on the district court's authority to find facts relevant to sentencing." *United States v. Young*, 609 F.3d 348, 357 (4th Cir. 2010). Because the

4

drug weight found by the court here did not increase Taylor's statutory maximum penalty of 40 years' imprisonment, it did not run afoul of *Apprendi* or *Alleyne*.

Taylor also disputes the court's methodology for calculating the drug weight. When sentencing a defendant, a court may consider certain conduct for which the defendant was not convicted. *See United States v. Agyekum*, 846 F.3d 744, 751 (4th Cir. 2017); USSG § 1B1.3(a). Such relevant conduct includes acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2); *see Young*, 609 F.3d at 358. The sentencing court, in determining drug weight for purposes of calculating the offense level, may approximate the quantity of drugs by considering similar transactions in which the defendant engaged. USSG § 2D1.1 cmt. 5.

Based on evidence adduced at trial, the district court determined that sixteen shipments sent before the charged conspiracy commenced involved the same shipping company and fictitious businesses that were later associated with the conspiracy. The court found that these shipments also contained marijuana, and it calculated the marijuana weight by adding the total weight of these sixteen shipments and multiplying the result by 45 per cent—the percentage of the weight of actually seized shipments attributable to marijuana. The court then combined this weight—2458 kilograms—with the 2487 kilograms that Taylor possessed during the conspiracy, to arrive at a total of 4945 kilograms. We discern no clear error in this determination.

Next, Taylor contests the application of a 2-level sentencing enhancement for obstruction of justice, which is properly imposed if the sentencing court finds "that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent

5

to deceive." *United States v. White*, 810 F.3d 212, 229-30 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 136 S. Ct. 1833 (2016). The district court found that Taylor provided false testimony at the suppression hearing concerning law enforcement's efforts to coerce her into giving a written statement, and that she did so with the intent to deceive the court. Taylor disputes the court's decision to discredit her testimony; however, we accord "the highest degree of appellate deference" to a district court's credibility determinations, and see no reason to disturb the court's findings here. *United States v. White*, 836 F.3d 437, 442 (4th Cir. 2016) (internal quotation marks omitted).

Finally, we find Taylor's challenge to the district court's forfeiture order unpersuasive. While Taylor alleges that the court relied on the sixteen preconspiracy shipments of marijuana in calculating the money judgment, the record makes clear that the court's forfeiture determination was confined to the marijuana sold during the dates of the conspiracy.

Accordingly, we affirm the judgment of the district court. We deny Taylor's motion for release pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*